IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 10-cv-00537-ZLW-CBS

RANDOLPH STEPHEN BAIRD,

    Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA;
CROWLEY COUNTY CORRECTIONAL FACILITY;
RICHARD SMELZER, Warden, individually and in his official capacity;
RICHARD WILSON, Associate Warden, individually and in his official capacity;
MARTY FLESCHAKER, Principal, individually and in his official capacity;
LINDA LYONS, Clerk, individually and in her official capacity;
WIL LAUGHLIN, Case Manager, individually and in his official capacity; and
LUCY HERNANDEZ, Grievance Counselor, individually and in her official capacity,

    Defendants.

## ORDER

The matter before the Court is Defendants' Motion For Summary Judgment (Doc. No. 24). This matter was referred to Magistrate Judge Craig B. Shaffer pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. On January 5, 2011, the Magistrate Judge issued a Recommendation And Order (Doc. No. 46) recommending that Defendants' Motion For Summary Judgment be granted.[1] Plaintiff filed a timely written objection to the Recommendation And Order on January 25, 2011. (Doc. No.53). The Court

---

[1] The Recommendation And Order included an Order denying Plaintiff's Motion For Sanctions (Doc. No. 41) and Plaintiff's Motion For Investigation (Doc. No. 44). Plaintiff has not objected to either of these Orders, and thus the Court does not review them herein.

reviews *de novo* those portions of the Recommendation to which Petitioner has specifically objected,[2] and reviews the Magistrate Judge's Order under a clearly erroneous or contrary to law standard.[3]

Plaintiff, a prisoner at the Crowley County Correctional Facility (CCCF) in Crowley, Colorado, alleges violations of his constitutional rights under 42 U.S.C. § 1983 by prison staff based on his allegations that he was denied access to the prison law library.  The Court has construed Plaintiff's pleadings more liberally than those drafted by an attorney because he is proceeding pro se.[4]  However, the Court will not act as Plaintiff's advocate.[5]

**I.     Motion For Summary Judgment**

In his objection, Plaintiff contends, first, that the Magistrate Judge did not construe his pro se pleadings liberally.  However, Plaintiff fails to explain why he believes this to be the case or provide any further discussion to support his contention.  Both the Magistrate Judge and the undersigned have construed Plaintiff's pleadings and papers liberally.

The Magistrate Judge concluded that to the extent that Plaintiff alleges a violation of his due process rights under the Fifth Amendment to the United States Constitution,

---

[2] See Fed. R. Civ. P. 72(b)(3); United States v. One Parcel of Real Property, 73 F.3d 1057, 1059 (10th Cir. 1996).

[3] See Fed. R. Civ. P. 72(a).

[4] Hall v. Bellmon, 935 F.2d 1106, 110 (10th Cir. 1991).

[5] Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

the Fifth Amendment due process clause protects only against due process violations caused by federal actors, and Plaintiff's claims concern alleged actions by state actors, specifically, employees at CCCF, which is a private prison operated by Corrections Corporation of America (CCA) pursuant to a contract with the Colorado Department of Corrections (CDOC).  In his objection, Plaintiff asserts that CCCF is not immune from suit as a private contractor.  However, the Magistrate Judge determined that any claim under the Fifth Amendment cannot lie against a state, as opposed to a federal, actor,[6] a determination which does not involve principles of immunity.  The Magistrate Judge correctly concluded that no Fifth Amendment claim can be asserted against personnel at CCCF, which is a state, not a federal, facility.

Plaintiff next objects to the Magistrate Judge's conclusion that Plaintiff cannot prevail on any claim under 42 U.S.C. § 1983 based on alleged violations of prison administrative regulations because a "failure to adhere to administrative regulations does not equate to a constitutional violation."[7]  Plaintiff contends that the removal of this action from state court has somehow prevented him from bringing such claims.  However, regardless of whether the issue is raised in state court or federal court, the applicable law provides that a plaintiff cannot claim a constitutional violation under 42

---

[6]See Smith v. Kitchen, 156 F.3d 1025, 1027 (10th Cir. 1997).

[7]Hovater v. Robinson, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993).

U.S.C. § 1983 based on alleged violations of prison regulations.[8] The case cited by Plaintiff, Board of the County Commissioners v. Brown,[9] does not hold otherwise.

The Magistrate Judge correctly determined that, to the extent that Plaintiff is alleging negligent conduct, liability under § 1983 may not be predicated on negligence.[10] Plaintiff cites to Ramos v. Lamm[11] in support of his argument that a § 1983 claim can lie against prison staff based on negligent conduct. However, Ramos did not hold that negligence claims are cognizable under § 1983. Instead, the Ramos court stated that in class actions challenging the entire system of prison healthcare, repeated negligent acts by prison medical personnel which rise to the level of deliberate indifference can support an Eighth Amendment claim under § 1983. Such allegations are not at issue in this case.

Plaintiff argues that his claims against CCCF Library Supervisor Linda Lyons should not be dismissed based on a lack of personal participation.[12] The Magistrate

---

[8] See id.

[9] 520 U.S. 397, 405 (1997).

[10] See Daniels v. Williams, 474 U.S. 327, 330-32 (1986).

[11] 639 F.2d 559 (10th Cir. 1980).

[12] See Foote v. Spiegel, 118 F.3d 1416, 1423-24 (10th Cir. 1997) (individual liability under § 1983 mist be based on personal involvement in the alleged constitutional violation).

Judge did not, however, recommend that the individual capacity claims against Lyons be dismissed on that basis.[13]

Next, Plaintiff objects to the Magistrate Judge's conclusion that the restrictions placed on access to the CCCF law library were reasonable. He argues that the Magistrate Judge accepted Defendants' evidence concerning library hours and Plaintiff's usage of the library and "never referred to Plaintiff's response [doc #39 pg 17 par's #5 to bottom pf pg] . . . ."[14] In fact, the Magistrate Judge did note that Plaintiff has disputed the number of hours that the library is open, as set forth on page 17 of Plaintiff's response, but concluded that the evidence of Plaintiff's *actual* use of and access to the law library and computers, described and cited at pages 14-15 of the Magistrate Judge's Recommendation, supports the conclusion that the restrictions on law library access are reasonable. The Court agrees.

The Magistrate Judge further concluded that Plaintiff has not adequately demonstrated any prejudice resulting from the library restrictions that he challenges.[15] Plaintiff repeats his argument that the alleged limited access to the law library prohibited him from filing a habeas corpus petition with respect to his Colorado conviction, but his

---

[13] See Doc. No. 46 at 11 (recommending dismissal of claim for denial of access to the courts against Defendants Smelser, Wilson, Fleshaker, Laughlin, and Hernandez in their individual capacities based on lack of personal participation, and proceeding to evaluate Plaintiff's claim for denial of access to the courts as against the remaining Defendants).

[14] Doc. No. 53 at 6.

[15] See Lewis v. Casey, 518 U.S. 343, 354-55 (1996) (plaintiffs alleging denial of access to prison law library must show resulting impairment of their ability to attack their sentences, directly or collaterally, or challenge the conditions of their confinement).

allegations remain conclusory and thus insufficient.[16]  Plaintiff broadly asserts that because of the alleged limitations put on his law library access, he had to choose between filing an appeal of his South Carolina conviction or filing a habeas corpus petition in Colorado.  However, as noted by the Magistrate Judge, Plaintiff's appeal of his South Carolina conviction was dismissed on April 22, 2008,[17] and appellate jurisdiction ended on May 12, 2008.  Plaintiff asserts that he had until August, 2010, three months later, to file a habeas petition in Colorado.[18]  There has been no showing of prejudice.

To the extent that Plaintiff has asserted a Fourteenth Amendment equal protection claim based on his allegation that other prisoners were given more access to the law library than he, the Magistrate Judge explained that Plaintiff has the burden of submitting evidence that Defendants' alleged acts were based on a discriminatory intent or motive.[19]  In his objection, Plaintiff argues that he cannot present evidence that he was treated differently than similarly situated inmates because he cannot, as a practical matter, ask other inmates about the details concerning their use of the prison library.  However, these are Plaintiff's claims, and on summary judgment he is required to come forward with evidence to support them, from some source.  He cannot assert the claim

---

[16] See Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996).

[17] See Doc. No. 39 at 22.

[18] See Doc. No. 53 at 7.

[19] See Watson v. City of Kansas City, 857 F.2d 690, 694 (10th Cir. 1996).

and hope to prevail without any supporting evidence.  Further, Plaintiff has not addressed the Magistrate Judge's conclusion that Plaintiff has failed to submit any evidence that Defendants' alleged acts were based upon a discriminatory intent or motive.[20]  Plaintiff's equal protection claim, if he indeed is asserting one, fails.

The Magistrate Judge stated that because Corrections Corporation of America (CCA) is a private contractor operating a prison facility for the Colorado Department of Corrections (CDOC), any claim for money damages under § 1983 against the individual Defendants in their official capacities are barred by the Eleventh Amendment.  However, Plaintiff is correct that under Richardson v. McKnight,[21] Eleventh Amendment immunity does not apply to employees of a private contractor operating a prison for a state.[22]  Nonetheless, Plaintiff's § 1983 claims fail for the reasons set forth above, and for the reasons otherwise set forth in the Magistrate Judge's Recommendation.

The Magistrate Judge properly concluded that CCCF cannot be sued because it lacks a legal identity apart from CCA.[23]  Plaintiff has not objected to this conclusion.

The Court has reviewed thoroughly, and hereby accepts and adopts, the Magistrate Judge's detailed and well-reasoned Recommendation.  Accordingly, it is

---

[20] See Watson v. City of Kansas City, 857 F.2d 690, 694 (10th Cir. 1988).

[21] 521 U.S. 399, 401 (1997).

[22] See also Rocha v. CCCF Administration, 2010 WL 1333138 (D. Colo. April 2, 2010).

[23] See Steger v. Hickey, 2009 WL 137314 (W.D. Okla. Jan 20, 2009).

ORDERED that Defendants' Motion For Summary Judgment (Doc. No. 24) is granted. It is

FURTHER ORDERED that the Complaint and cause of action are dismissed with prejudice. It is

FURTHER ORDERED that a separate Judgment shall issue pursuant to Fed. R. Civ. P. 58. It is

FURTHER ORDERED that the parties shall pay their own costs and attorney's fees.

DATED at Denver, Colorado this 23rd day of February, 2011.

                BY THE COURT:

                */s/ Zita Leeson Weinshienk*
                ZITA LEESON WEINSHIENK, Senior Judge
                United States District Court